# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-51139
Summary Calendar

FRED RICHARDSON

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS AT AUSTIN

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-00427

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Fred Richardson ("Richardson") appeals several of the district court's evidentiary rulings in this employment discrimination case. Richardson began his employment with defendant University of Texas at Austin ("UT") in April 1986 as a Building Monitor in the campus student union building ("Texas Union"). In June 2006, he sued UT alleging both racial discrimination and retaliation after he was rejected for numerous promotions and transfers to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other higher-paying jobs.[1] Richardson is African-American. He had filed several EEOC and/or state complaints from March to May 2005. His suit went to trial below and the jury reached a verdict in favor of UT. Richardson now timely appeals.

On appeal, Richardson raises four evidentiary issues. We review evidentiary rulings under an "abuse of discretion" standard. Abner v. Kansas City S. R. Co., 513 F.3d 154, 168 (5th Cir. 2008).

First, Richardson contends the district court abused its discretion when it denied Richardson's pre-trial discovery request to obtain Building Manager Reports (BMRs). BMRs describe the activities performed by employees during a shift. Richardson argues that these BMRs were critical to his case, because they bolstered his claims that he performed certain tasks at his job that qualified him for the higher-paying positions for which he had applied. We will reverse a discovery decision "only if it is 'arbitrary or clearly unreasonable' . . . and the appellant demonstrates prejudice resulting from the decision," Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 428 (5th Cir. 2005) (citation omitted), otherwise discovery is committed to the "sound discretion of the trial court." Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986). The district court denied the discovery request because it was too broad, general, and overly burdensome. The court gave several reasons for its ruling. This decision is not clearly unreasonable or arbitrary. FED. R. CIV. PROC. 26(b)(2)(C); see also In re Agent Orange Prod. Liability Litig., 517 F.3d 76, 103 (2d Cir. 2008).

Second, Richardson contends the district court abused its discretion in not admitting proferred evidence consisting of his supervisor Jerry Drake's testimony. The testimony concerned circumstances surrounding Drake's 1999 recommendation to upper management that they grant a pay raise for

---

[1] He also alleged racial discrimination with regards to pay raises and salary. These claims were dismissed on summary judgment. That judgment was not appealed.

Richardson. The district court excluded the evidence for several reasons. First, the claims concerning discrimination in raises were already dismissed by summary judgment. Second, the 1999 evidence was not relevant to retaliatory acts in 2005. Third, the witness also merely speculates, without substantiation, disparate treatment was racially motivated. We do not find an abuse of discretion as these reasons are adequate bases for exclusion. See, e.g., Swanson v. General Servs. Admin., 110 F.3d 1180, 1189 (5th Cir. 1997).

Third, Richardson contends the district court abused its discretion by excluding Tres Davis's testimony regarding "alleged hostile acts" against other African-American employees at UT. The district court excluded the evidence on two grounds: (1) the testimony did not present evidence of racial discrimination, since the witness assumed acts were racially motivated; and (2) the evidence was built solely on hearsay. We do not find the exclusion an abuse of discretion, because the witness merely speculates, without substantiation, the disparate treatment was racially motivated and thus does not present any relevant evidence of disparate treatment. See id.

Finally, Richardson contends the district court abused its discretion in excluding evidence from two witnesses regarding how the Texas Union administration treated African-American students and patrons differently. The district court excluded the evidence because there was no evidence that the alleged discrimination against African-American students in 2000 permeated Richardson's employment situation in 2005. The district judge carefully examined the offer of proof and determined that the link between the alleged treatment of African-American students was too attenuated from the relevant acts in this case. The district court's examination of the evidence in this case "convinces us that the court's ruling cannot be tarred with the brush of abuse of discretion." See Kelly v. Boeing Petro. Servs., Inc., 61 F.3d 350, 360 (5th Cir. 1995).

For these reasons, we AFFIRM the district court's judgment.